**Paul Edward WILSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14209.**

United States Court of Appeals Sixth Circuit.

Dec. 29, 1960.

Paul Edward Wilson, in pro. per.

John C. Crawford, Jr., U. S. Atty., John F. Dugger and Ray L. Jenkins, Asst. U. S. Attys., Knoxville, Tenn., on the brief for appellee.

Before McALLISTER, Chief Judge, and WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

On appellant's motion, under Title 28 U.S.C.A. § 2255, to vacate sentence on the second count of an information on which he was convicted, the District Court entered an order denying the motion, from which an appeal is taken.

In the information, appellant was charged on two counts: On the first count, he was accused of stealing official files and service manuals, of the property of the Internal Revenue Service, of a

value less than $100. On the second count, he was charged with stealing personal clothing of an agent of the Internal Revenue Service of a value of more than $100, from an automobile on the property of the United States. The first count charged a misdemeanor; the second count, a felony.

Appellant was sentenced to a term of imprisonment of five years on each of the two counts, the sentences to run consecutively.

It was thereafter brought to the attention of the District Court that appellant had been charged in the first count of the information with stealing property of a value less than $100, which subjected appellant to a sentence of not more than one year on this count; and, accordingly, the court changed the five-year sentence on this count to a sentence of one year to run consecutively with the sentence of five years on the second count.

Thereafter, appellant filed a motion to vacate or correct sentence, under Title 28 U.S.C.A. § 2255, claiming that his court-appointed counsel was inadequate, and did not properly advise him, as a result of which he waived his right of trial by jury and entered a plea of guilty to both counts; that both counts charged the same offense, based upon one act and one intent; and that his conviction on both counts, therefore, constituted double jeopardy.

Appellant submitted that he had served one year of his sentence, that such period should be considered as service of his sentence on the first count; that imprisonment on the second count was illegal, because it constituted double jeopardy when considered with the sentence on the first count which embodied the same offense; and that his motion to vacate was addressed to the sentence of five years on the second count, as being in violation of the constitutional guarantee against double jeopardy.

The District Court thereafter expunged the sentence imposed on the first count, as illegal, and left the judgment to be the sentence of five years on the second count, of which one year was considered as having been served, at that time.

█ Considering, as the District Court did, the sentences on the two counts as constituting double jeopardy for the same offense, there was no error in the court's expunging the sentence on the first count and leaving the sentence on the second count in effect, rather than expunging the sentence on the second count and leaving the sentence on the first count in effect. The court merely vacated the illegal sentence on the first count, which constituted double jeopardy. The sentence on either one of the counts would not constitute double jeopardy.

Appellant, however, submits that the District Court did not pass upon his motion that the sentence on the second count be vacated on the grounds: That he did not have adequate representation of counsel; that because of such inadequate representation of counsel, he pleaded guilty to the count charging him with stealing personal property in excess of the value of $100, from an automobile on the premises of the United States; that the property which appellant pleaded guilty to stealing was a used gabardine top coat and was not of the value of $100 necessary to constitute a violation of the statute, as charged in the second count of the indictment; and because of the obvious value of the used top coat, appellant, in being advised by his court-appointed counsel, to plead guilty to stealing property of the value of more than $100, which constituted a felony, did so as a result of inadequate counsel; and that he was therefore deprived of counsel in violation of his constitutional right under the Sixth Amendment, within the constitutional meaning, requiring that, in all criminal prosecutions, the accused shall "have the Assistance of Counsel for his Defense." Appellant concluded his petition for vacation of sentence by asking the District Court to hear evidence in support of his motion.

As to appellant's claim that the value of the property set forth in the second

count was less than the jurisdictional amount of $100, the District Court, in its opinion, denying vacation of sentence on this count, stated that the value of such property was not a proper issue to be determined in a motion to vacate sentence but, rather, should have been raised at the time of hearing, or within the sixty days allowed a judge to modify a judgment of sentence; that, as to the question of inadequacy of counsel, "in his written argument, the indication is that [appellant] does not want to make an issue of the competency of his attorney, leaving a legal question. Actually, this question is put at rest by the defendant admitting guilt in his motion. The only question to be determined is a legal one and can be corrected now without the defendant suffering any harm even if he had inadequate counsel."

The District Court then went on, as heretofore mentioned, to expunge the sentence under the first count, and leave in effect the sentence under the second count. With regard to appellant's contention that the property set forth in the second count which he had admitted stealing, was of less value than the jurisdictional amount of $100, the District Court, in its opinion, regarding such count, stated: "Actually, however, and in full justice, the value of the property was more than $100."

In the opinion of the District Court upon which was based the order here appealed from, the court stated that, on appellant's request for an early disposition of his case, the court appointed counsel for him; that he then came before the court and was duly advised of his rights; and that he thereafter waived the indictment and pleaded guilty to the two counts of the information.

As to the value of the property upon which the second count was based, we have: The count in the information which charged that it was in excess of the value of $100; the statement of the District Court in its opinion that, actually, the value was more than $100; the plea of guilty to the count; and the statement of appellant in his motion and his brief that the value was less than $100.

From the foregoing, it is only reasonable to conclude that appellant knew, at the time of his hearing, that he was charged with stealing property of a value in excess of $100; that he knew what that property was; that he knew what the value was; and that he pleaded guilty to stealing property of a value in excess of $100. There is no reason to believe that his court-appointed counsel advised appellant to plead guilty to stealing property of a value of more than $100 when such property was actually of a less value. Appellant knew as much at that time as he knows now of the value of the property he stole. It was not until a year after his sentence that he raised the question as to the actual value of the property which he had stolen. In the light of the District Court's uncontradicted statement, in its opinion denying appellant's motion, that, before his plea of guilty, appellant was duly advised of his rights, and, since there is no indication here that he was not advised of his rights, or that he did not fully know what his rights were when he pleaded guilty, there is no basis for setting aside his sentence on the claimed unconstitutional denial of assistance of counsel, based on the alleged failure of his counsel to properly advise him. Whatever errors there were in the sentences, were errors of law, as to the penalty on the misdemeanor count, and the issue of double jeopardy; and those have been corrected without disadvantage to appellant.

There is no reason shown that would constrain us to hold that the appellant's court-appointed counsel was remiss in advising him with regard to the value of the property which appellant admits he stole. For appellant knew as much about that value as did his counsel; and he further knew that he was charged in that count with stealing property worth more than $100, when he pleaded guilty.

In accordance with the foregoing, the judgment of the District Court is affirmed.